F I L E D
**United States Court of Appeals
Tenth Circuit**

**September 14, 2006**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FELIPE RODRIGUEZ-ROJAS aka
Angel Lopez-Ruiz aka Felipe Rojas-
Guzman aka Pitufo,

Defendant - Appellant.

No. 06-1085

(D. Colorado)

(D.C. No. 05-CR-272-MK)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Felipe Rodriguez-Rojas, a/k/a Angel Lopez-Ruiz, pled guilty to one count of conspiracy to distribute one kilogram or more of heroin, in

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. He was sentenced to 90 months' imprisonment, followed by five years of supervised release, and was directed to pay a $100 special assessment fee. Rodriguez-Rojas filed a timely appeal.

Rodriguez-Rojas's appointed counsel, John Sullivan, has filed an Anders brief and moved to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). Rodriguez-Rojas submitted a letter, which we have treated as his response to his counsel's Anders brief. In his letter, Rodriguez-Rojas indicated that he "need[ed] nothing from m[y] case, please dismiss anything from my appeal." 7/4/06 letter. The government has declined to file a brief. We therefore base our conclusion on counsel's brief and our own independent review of the record. For the reasons set forth below, we agree with Mr. Sullivan that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and we dismiss this appeal.

**BACKGROUND**

In early August 2004, a multi-jurisdictional investigation revealed that Isaac Cabello-Ibarra, a co-defendant of Rodriguez-Rojas, was providing heroin to numerous customers in the Denver metropolitan area. Wiretapped conversations from various telephones used by Cabello-Ibarra and others demonstrated that Rodriguez-Rojas was Cabello-Ibarra's right hand man in the heroin distribution

organization. Rodriguez-Rojas assisted in distributing heroin to customers and in transporting heroin, as well as helping to unload shipments of heroin from Mexico.

In May 2005, law enforcement agents intercepted wiretapped conversations indicating that Cabello-Ibarra was planning to have a load of heroin shipped from Mexico to Denver. Conversations between Cabello-Ibarra and Rodriguez-Rojas revealed that co-defendants Jose Luis Yanez-Martinez and Claudia Raquel Ezparza-Ibarra were going to transport the load to Rodriguez-Rojas and that the heroin would arrive sometime after May 16, 2005. The heroin would be delivered to Rodriguez-Rojas's residence at 749 Niagara Street in Denver.

In the evening of May 19, 2005, intercepted conversations between Rodriguez-Rojas and Yanez-Martinez revealed that Yanez-Martinez and Ezparza-Ibarra had safely crossed the border and entered the United States with the load of heroin. Yanez-Martinez told Rodrgiuez-Rojas that he would be seeing Rodriguez-Rojas shortly. In the early morning hours of May 20, officers conducting surveillance outside the Niagara Street residence observed a pick-up trick driven by Yanez-Martinez and Ezparza-Ibarra arrive at Rodriguez-Rojas's Niagara Street home. Rodriguez-Rojas's intercepted conversations with his wife in Mexico indicated that the heroin had safely arrived in the truck.

Later that morning, Rodriguez-Rojas was arrested as he left the house. A search of the pick-up truck revealed four pounds of heroin hidden inside an oil

pan in the truck's engine. Tests revealed the seized heroin had a gross weight of 1,761 grams. As indicated, Rodriguez-Rojas pled guilty and proceeded to sentencing.

In preparation for sentencing, the United States Probation Office prepared a presentence report ("PSR") which recommended a sentence under the advisory United States Sentencing Commission, Guidelines Manual ("USSG") (2004). The PSR calculated a base offense level of thirty-two, which was then raised three levels because Rodriguez-Rojas was a manager or supervisor of the conspiracy, see USSG §3B1.1(b), and then was reduced three levels for acceptance of responsibility. See USSG §3E1.1(a) and (b). With a total adjusted offense level of thirty-two, and a criminal history category III, the advisory Guideline sentence was 151 to 188 months.

After finding that Rodriguez-Rojas's criminal history category of III overrepresented the severity of his criminal history, the court departed down to a criminal history category of II. This yielded an advisory Guideline sentencing range of 135 to 168 months. The government then filed a motion to depart downward in sentencing Rodriguez-Rojas, based upon his substantial assistance to the government. See USSG §5K1.1; 18 U.S.C. § 3553(e). The court accordingly exercised its discretion and sentenced Rodriguez-Rojas to ninety months' imprisonment, a sentence below both the advisory Guideline range and the statutory minimum.

## DISCUSSION

Under <u>Anders</u>, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." <u>United States v. Calderon</u>, 428 F.3d 928, 930 (10th Cir. 2005) (citing <u>Anders</u>, 386 U.S. at 744). This process requires counsel to

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss that appeal.

<u>Id.</u> (citing <u>Anders</u>, 386 U.S. at 744). As indicated, Rodriguez-Rojas's counsel has filed his <u>Anders</u> brief, and Rodriguez-Rojas's response indicates a desire to have this appeal dismissed.

We agree with counsel that there is no nonfrivolous issue related to Rodriguez-Rojas's guilty plea or sentence. At sentencing the district court acknowledged that the Guidelines were advisory only, and the court carefully went through all the relevant sentencing factors contained in 18 U.S.C. § 3553(a). After granting the government's motion for a considerable departure downward below the advisory Guideline range and below the statutory minimum, because of Rodriguez-Rojas's substantial assistance to the government, the court exercised

its discretion and sentenced Rodriguez-Rojas to ninety months. That is a reasoned and reasonable sentence given the facts of this case.

## CONCLUSION

For the foregoing reasons, counsel's motion to withdraw is GRANTED and this appeal is DISMISSED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge