**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EFRAIN TREJO-ALVAREZ,

    Defendant-Appellant.

No. 07-2144
(D.C. No. CR-07-215-MV)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO, HARTZ**, and **GORSUCH**, Circuit Judges.

---

Efrain Trejo-Alvarez pled guilty to re-entering the United States illegally after a previous deportation. *See* 8 U.S.C. § 1326. The district court sentenced him to 21 months imprisonment, at the low end of the advisory Sentencing Guidelines range. On appeal, Mr. Trejo-Alvarez's counsel filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). We received no response from Mr. Trejo-Alvarez, and the government

---

[*] After examining counsel's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

also declined to respond. For the reasons set forth below, we discern no meritorious issues for appeal, and we therefore grant the motion to withdraw and dismiss the appeal.

* * *

A native of Mexico, Mr. Trejo-Alvarez was found in Doña Ana County, New Mexico in October 2006, after having been deported from the United States on four prior occasions. He was charged with one count of illegal re-entry following deportation, in violation of 8 U.S.C. § 1326. Because his prior deportation was subsequent to a felony conviction, Mr. Trejo-Alvarez faced a possible prison sentence of up to ten years. *See id.* § 1326(b)(1). Mr. Trejo-Alvarez pled guilty to a one-count information charging him with reentry of a removed alien.

Pursuant to the advisory United States Sentencing Guidelines, Mr. Trejo-Alvarez's conviction carried a base offense level of 8. *See* U.S.S.G. § 2L1.2(a). But because he had been deported following a felony conviction, the Guidelines recommended a 4-level enhancement. *See id.* § 2L1.2(b)(1)(D). Subtracting 2 levels for acceptance of responsibility, Mr. Trejo-Alvarez's final suggested offense level was 10. Because of his prior criminal convictions, Mr. Trejo-Alvarez was classified at criminal history category level V. That offense level and criminal history category resulted in a proposed Guidelines sentencing range of 21-27 months imprisonment.

Mr. Trejo-Alvarez did not challenge the facts set forth in the presentence report, which included the Guidelines range calculation and information about his background, criminal history, and other potentially relevant factors. He did, however, file a sentencing memorandum pointing out that all of the points assessed in determining his criminal history category were for immigration violations. Mr. Trejo-Alvarez suggested that, in these circumstances, his criminal history was overstated. He argued that a lesser criminal history category, leading to a suggested Guidelines range sentence of 15-21 months imprisonment, was more appropriate. Even so, Mr. Trejo-Alvarez argued that the district court should depart or vary downward and sentence him to 12 months and 1 day in prison. This was a more reasonable sentence, he argued, in light of the immigration-related nature of his recent convictions and having ailing elderly parents at home in Mexico.

The district court disagreed. While Mr. Trejo-Alvarez's criminal history points were assessed for immigration offenses, Mr. Trejo-Alvarez also had 13 past convictions that were not considered under the Guidelines. The court said that there were "too many prior convictions, and the nature of the offenses are simply too serious for the Court to simply disregard, and say that under *Booker*, a 12-month and one day sentence is appropriate." May 24, 2007, Sentencing Hr'g Tr. at 9-10. The court distinguished Mr. Trejo-Alvarez's situation from those who came to this country only to work and whose *only* prior criminal acts are

illegal entry or re-entry.  Mr. Trejo-Alvarez had repeatedly been "involved in fights, and drinking, and stealing . . . [a]nd resisting officers" since he arrived in the United States.  *Id.* at 10.  The district court acknowledged the factors in 18 U.S.C. § 3553(a) and the facts set forth in the presentencing report, and sentenced Mr. Trejo-Alvarez to 21 months in prison, followed by two years of unsupervised release, the low end of the suggested Guidelines range.[1]

\* \* \*

Pursuant to the Supreme Court's decision in *Anders v. California*, a court-appointed defense counsel may "request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous."  *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744).  This process requires counsel to

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citing *Anders*, 386 U.S. at 744).

---

[1] Because Mr. Trejo-Alvarez was convicted while on supervised release from a prior immigration conviction in the District of Arizona, a petition to revoke supervision was filed in the District of Arizona and jurisdiction was transferred to the District of New Mexico.  The district court sentenced Mr. Trejo-Alvarez to 12 months for the violation of the terms of his release, but allowed the sentence to run concurrently with the 21-month sentence it had just imposed.

In his *Anders* brief, counsel noted that this appeal would conceivably be meritorious only if (1) the guilty plea were not voluntary or (2) the sentence were unreasonable. After conducting a full examination of the record, we agree with counsel's conclusion that no basis in law or fact exists for either of these arguments.

A valid guilty plea must be knowingly, intelligently, and voluntarily made. *See United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998); *see also* Fed. R. Crim. P. 11. The record indicates that the district court fulfilled the requirements set out in Rule 11 and those announced in *Gigot* to ensure the validity of the plea. *See generally* Jan. 31, 2007, Plea Hr'g Tr. (reflecting that the district court judge verified a factual basis for the plea, questioned the defendant and confirmed that he fully understood the charges against him and the consequences of the plea, and otherwise ensured that the plea was freely, voluntarily, and intelligently made). Mr. Trejo-Alvarez has failed to put forward any evidence or arguments that would place the plea's validity in doubt, and so any appeal on these grounds would be frivolous.

We also fail to find any non-frivolous grounds for appeal as to the reasonableness of the sentence. As counsel points out, Mr. Trejo-Alvarez was sentenced at the low end of the advisory Guidelines range. As such, we accord a presumption of reasonableness to his sentence. *See Rita v. United States*, 127 S. Ct. 2456, 2462-63 (2007); *United States v. Garcia-Lara*, 499 F.3d 1133, 1136-37

(10th Cir. 2007). Expressly bearing in mind the various sentencing factors set forth by Congress in 18 U.S.C. § 3553(a), the district court acknowledged and considered Mr. Trejo-Alvarez's argument for a reduced sentence, but it ultimately decided that the Guidelines-recommended range was appropriate under the § 3553(a) factors, in light of Mr. Trejo-Alvarez's history and characteristics. We can find no evidence in the record to suggest any abuse of discretion by the district court in the procedures it employed at sentencing or the substantive result it reached.

* * *

For the foregoing reasons, we grant counsel's motion to withdraw and dismiss the appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge