PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

IVAN CALDERON, also known as
Martin Camacho,

Defendant-Appellant.

No. 05-4011

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. NO. 2:04-CR-256-TC)**

---

Submitted on the briefs.

Robert Breeze, Salt Lake City, Utah, for Defendant-Appellant.

Ivan Calderon, filed a brief pro se.

---

Before **HARTZ**, **BARRETT**, and **McCONNELL,** Circuit Judges.

---

**McCONNELL**, Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument.

Ivan Calderon pleaded guilty to possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. In his plea agreement, Mr. Calderon waived his right to appeal his sentence. He was sentenced to 151 months in prison. Mr. Calderon timely appealed, and his counsel, Robert Breeze, filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Mr. Calderon then filed a response brief to the *Anders* brief. The government declined to submit a brief.

Although we decline to enforce the appeal waiver due to the government's failure to seek enforcement of the plea agreement, we find that Mr. Calderon's appeal is nonetheless frivolous. Therefore, we DISMISS the appeal and GRANT Attorney Breeze's motion to withdraw.

**BACKGROUND**

On November 2, 2004, Mr. Calderon pleaded guilty to possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and punishable by 21 U.S.C. § 841(b)(1)(A). Under the terms and conditions of the plea agreement, the government agreed to recommend a two level reduction if defendant demonstrated an acceptance of responsibility. The government also agreed to recommend a

sentence at the low end of the applicable Sentencing Guidelines range and not to seek a sentencing enhancement. As part of the plea agreement, Mr. Calderon waived his right to appeal his sentence.[1]

Under the Federal Sentencing Guidelines applicable at the time, the base level for Mr. Calderon's offense was 36. U.S.S.G. § 2D1.1(c)(2). Mr. Calderon was given a reduction of three levels because of his recognition of criminal conduct and assistance of authorities, giving him a total offense level of 33. No enhancements were made. According to the Presentence Report, the applicable sentencing range under the Guidelines was from 151 to 188 months. On January 11, 2005, Mr. Calderon was sentenced to 151 months of confinement, to be followed by 60 months of supervised release.

On appeal, Attorney Breeze filed a brief pursuant to *Anders* and moved to withdraw as counsel. Attorney Breeze provided the *Anders* brief to both the court and his client. In the *Anders* brief, Attorney Breeze argues that Mr. Calderon

---

[1]Mr. Calderon agreed to a broad appeal waiver, whereby he agreed to waive all appeals of his sentence, including, among other things, "the manner in which the sentence is determined . . . on any ground whatever, except . . . a sentence above the maximum penalty provided in the statute of conviction, and [] an upward departure from the final sentencing guideline range determined by the court." Plea Agreement 4-5, R. Vol. I. The Plea Agreement further provides that "the word 'sentence' appearing throughout this waiver provision is being used broadly and applies to all aspects of the court's sentencing authority, including but not limited to (1) *Sentencing Guidelines rulings and determinations. . . .*" *Id.* at 5 (emphasis added).

waived his right to appeal his sentence and therefore his appeal is wholly frivolous. Attorney Breeze also notes that "[Mr. Calderon] could argue that he should be able to appeal his 151-month sentence and . . . the denial of his motion to suppress," *id.*, without developing these potential arguments.[2] After receiving the *Anders* brief, Mr. Calderon submitted a response (entitled "Pro Se Opening Brief of Appellant"), raising several arguments to the Court. Mr. Calderon's arguments can be summarized as follows: (1) The Controlled Substances Act, 21 U.S.C. § 801 et seq., violates the Commerce Clause; (2) Mr. Calderon was denied the effective assistance of counsel; and (3) The Supreme Court's recent decision in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005) rendered void any sentence imposed under the Federal Sentencing Guidelines.

On July 27, 2005, this Court requested that the government either file a brief in this case or state its intention to not do so. On August 1, the government notified the Court via letter that it did not intend to submit a brief in this matter, on the ground that the issues raised are frivolous. The government did not mention or rely on Mr. Calderon's appeal waiver in the plea agreement. Nor did the government file a motion to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004).

---

[2]After a full examination of the record, we find these potential claims to be frivolous.

-4-

## DISCUSSION

The Supreme Court's decision in *Anders v. California*, 386 U.S. 738 (1967), authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous. *Id*. at 744. Under *Anders*, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. *Id*. The client may then choose to submit arguments to the court. *Id*. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. *Id*. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal. *Id*.

After a full examination of the record and consideration of both Mr. Calderon's response brief and the *Anders* brief filed by Attorney Breeze, we determine that there are no non-frivolous issues upon which Mr. Calderon has a basis for appeal.

### I. Appeal Waiver

Attorney Breeze argues in his *Anders* brief that the appeal waiver in Mr. Calderon's plea agreement bars this Court's review of Mr. Calderon's sentence, and therefore renders his appeal wholly frivolous. While the appeal waiver might well have provided a basis for dismissal of the appeal, had it been raised, this

Court's precedents preclude dismissal on the basis of a waiver of appeal where the government has neither filed a motion to enforce the waiver nor raised the waiver in its brief.

This Court recently refused to enforce a defendant's waiver in her plea agreement of her right to raise a *Booker* argument on appeal because the government "neither filed a motion to enforce Clark's plea agreement," (citing *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc), "nor argued in its brief that we should dismiss Clark's appeal on the basis of her appellate rights waiver." *United States v. Clark*, 415 F.3d 1234, 1238 n.1 (10th Cir. 2005) (citing *United States v. Clayton*, 416 F.3d 1236, 1239 (10th Cir. 2005) (decided three days after *Clark*)). Although the government is accorded flexibility in the form of its request for enforcement of an appeal waiver, *Clayton* holds that the waiver is waived when the government utterly neglects to invoke the waiver in this Court. *Clayton*, 416 F.3d at 1238-39.

This case is arguably distinguishable from *Clayton* because here, unlike *Clayton*, defense counsel has filed an *Anders* brief noting the waiver. Since the decision in *Clark,* this Court has taken inconsistent positions in unpublished decisions regarding whether appellate waivers should be enforced where the government has failed to seek enforcement of the waiver but defense counsel has raised the waiver issue in an *Anders* brief. *See United States v. Dawson*, No. 04-

2176, 2005 WL 1847326, at *1 (10th Cir. Aug. 5, 2005) (enforcing the waiver); *United States v. Varela-Ortiz*, No. 04-2343, 2005 WL 2114162, at *1 (10th Cir. Sept. 2, 2005) (declining to enforce the waiver). We believe that *Varela-Ortiz* is more consistent with the reasoning in *Clayton*.

*Clayton* stands for the proposition that the benefit of a waiver of the right to appeal may itself be waived by the government. Among other reasons for this result, rooted in the adversarial character of litigation, we suppose that *Clayton* might be defended on the ground that in some cases, the government might conclude that justice would be better served by allowing a criminal defendant to appeal a wrongful sentence, even when the plea agreement included an appeal waiver and the case falls outside the narrow exceptions of *Hahn*. Whatever the rationale underlying *Clayton*, however, we cannot accede to the notion that defense counsel, in filing an *Anders* brief, has satisfied the government's obligation to raise the waiver issue. Defense counsel is not the government, and has no authority to waive or invoke arguments on behalf of the government. In filing an *Anders* brief, counsel is under ethical obligations to the client and to the court. In performing the function of officer of the court, it is commendable that counsel acknowledge procedural bars such as appellate waivers, but it surpasses any legitimate understanding of the ethical obligations of counsel to the court to say that defense counsel's candid assessment of legal issues could satisfy the

government's obligations.  The government cannot rely on defense counsel's raising the argument in an *Anders* brief as a substitute for fulfilling its own obligation to seek enforcement of the plea agreement.

Because the government has not sought enforcement of Mr. Calderon's plea agreement, we refuse to enforce the appeal waiver.  We now move to the merits of the claims raised in Mr. Calderon's response brief.

## II. Ineffective Assistance of Counsel and Commerce Clause Claims

Mr. Calderon concedes that none of his claims on appeal were raised below, and argues this is because of ineffective assistance of counsel.  However, Mr. Calderon does not argue that Attorney Breeze rendered ineffective assistance of counsel in his handling of any specific portion of the proceedings below, including in his handling of the plea agreement.  Mr. Calderon simply alleges that Attorney Breeze rendered ineffective assistance in his handling of the appeal by not pursuing claims under *Booker* and related cases in his *Anders* brief, and by submitting the *Anders* brief itself.

Ineffective assistance of counsel claims "should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995); *see also Massaro v. United States*, 538 U.S. 500, 504-05 (2003) ("In light of the way our system has

developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance."). Therefore, even if Mr. Calderon had adequately alleged that he was denied effective assistance of counsel in the lower court, this Court would not address such a claim here.

In addition, we decline to consider Mr. Calderon's claim that the Controlled Substances Act violates the Commerce Clause. Because Mr. Calderon failed to raise this issue in the court below, he may not raise the issue on appeal, absent plain error. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). We doubt that the Commerce Clause challenge to the Controlled Substances Act would succeed under any standard of review, *see Gonzales v. Raich*, 125 S. Ct. 2195 (2005) (holding that the regulation of marijuana under the Controlled Substances Act was squarely within Congress's commerce power), but it certainly does not qualify as "plain" error.

### III. *Booker* Claims

Mr. Calderon also argues that the recent decision in *Booker* rendered his sentence void because it was imposed mandatorily under the Federal Sentencing Guidelines. However, no *Booker* issue exists in this case because Mr. Calderon received a sentence to which he agreed in his plea agreement.

Under Federal Rule of Criminal Procedure 11(c)(1)(C), parties may, in structuring a guilty plea, "agree that a specific sentence or sentencing range is the

appropriate disposition of the case, . . . (such a recommendation or request binds the court once the court accepts the plea agreement)." *United States v. Silva*, 413 F.3d 1283, 1284 (10th Cir. 2005) (internal quotations omitted). Where a defendant agrees to and receives a specific sentence, he may appeal the sentence only if it was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement. *Id.* (citing 18 U.S.C. § 3742(a), (c)). Otherwise, the Court lacks jurisdiction over the appeal. *Id.*

In *Silva*, the defendant entered into a plea agreement by which the parties agreed he would be sentenced at the bottom of the applicable Guideline range. *Id.* at 1283. The district court sentenced him to the bottom of the applicable range with no enhancements. *Id.* at 1284. On appeal, Silva argued that his sentence was invalid because he was sentenced under a mandatory sentencing scheme in violation of *Booker*. *Id.* The Court held that it did not have jurisdiction over the appeal because Silva failed to meet one of the three requirements given under 18 U.S.C. § 3742(a) and (c). *Id.* Explaining that Silva's only plausible argument was that his sentence was imposed in violation of the law, the Court determined that this argument failed "for the simple and obvious reason that Silva received the specific sentence he bargained for as part of his guilty plea." *Id.* The Court further stated that "'[a] sentence imposed under a Rule 11(c)(1)(C) plea arises

directly from the agreement itself, not from the Guidelines,' and, therefore, '[a]s *Booker* is concerned with sentences arising under the Guidelines, it is inapplicable in this situation.'" *Id*. (quoting *United States v. Cieslowski*, 410 F.3d 353, 364-65 (7th Cir. 2005)).

Like Silva, Mr. Calderon agreed in his plea agreement that a sentence within the range provided by the Guidelines was the appropriate disposition of his case. Mr. Calderon also received a sentence at the bottom of the sentencing range with no enhancements—the specific sentence for which he bargained. *Id.* Because *Booker* does not concern sentences like Mr. Calderon's, which arise directly from a plea agreement, Mr. Calderon cannot argue that his sentence was imposed in violation of the law. As in *Silva*, this Court has no jurisdiction over Mr. Calderon's *Booker* claims.

## CONCLUSION

We have fully examined the record to determine whether there are any other claims arguable on their merits, and have found that Mr. Calderon's appeal is wholly frivolous. Accordingly, we **DISMISS** this appeal and **GRANT** counsel's motion to withdraw.[3]

---

[3]On October 7, 2005, Mr. Calderon filed a "Motion for Summary Disposition and Judgment on the Merits," in which he argued that the government's failure to file a response brief constituted a ratification of the claims contained in Mr. Calderon's response brief. This motion is denied.