**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE VASQUEZ-RAMIREZ,

Defendant-Appellant.

No. 07-4034

(D. Utah)

(D.C. No. 2:06-CR-0459-003-DB)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH,** and **HOLMES**, Circuit Judges.[**]

Jose Vasquez-Ramirez pleaded guilty to one count of conspiring to

distribute more that fifty grams of methamphetamine, a violation of 21 U.S.C. §

846.  Applying United States Sentencing Guidelines § 5C1.2, the safety valve

provision, the district court sentenced Mr. Vasquez-Ramirez to eighty-seven

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

months' imprisonment, the low end of the Guideline range and well below the ten-year minimum sentence set forth in 21 U.S.C. § 841(b)(1)(A).

On appeal, Mr. Vasquez-Ramirez's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967). Counsel reports that "[d]efendant is unhappy with his sentence, however, counsel is not aware of any appealable issues in this case." Aplt's Br. at 14.

Under Anders, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). In such a case, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." Id. The client is then permitted to submit arguments to the court in response. Id. The court must then fully examine the record "to determine whether defendant's claims are wholly frivolous." Id. If so, the court may dismiss the appeal. Id.

Here, Mr. Vasquez-Ramirez was served with his counsel's brief. However, Mr. Vasquez-Ramirez has not informed the court of any issues he wishes to raise on appeal. Based on our independent review of the record, we agree with counsel that there are no non-frivolous grounds upon which Mr. Vasquez-Ramirez could appeal his conviction or his sentence. The record indicates that Mr. Vasquez-Ramirez's plea was knowing and voluntary. His sentence is supported by the applicable law and the facts of this case.

Accordingly, we DISMISS this appeal.

Entered for the Court,

Robert H. Henry
United States Circuit Judge