**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HECTOR GONZALEZ-
GUTIERREZ,

Defendant-Appellant.

No. 07-8005

(D. Wyoming)

(D.C. No. 06-CR-00139-WFD)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH,** and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Hector Gonzalez-Gutierrez pleaded guilty to three federal criminal offenses: conspiracy to possess with intent to distribute methamphetamine, a

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violation of 21 U.S.C. § 846, conspiracy to launder money, a violation of 18 U.S.C. § 1956, and use of a communications facility to facilitate a felony drug offense, a violation of 21 U.S.C. § 843. As part of his plea agreement, Mr. Gonzalez-Gutierrez "specifically wavie[d] his right to appeal the sentence he receive[d]." Rec. vol. II at 8. Mr. Gonzalez-Gutierrez was sentenced to a total of 262 months' imprisonment, which was at the low end of the recommended guidelines range. The court ordered that the prison terms for each of the convictions run concurrently.

Mr. Gonzalez-Gutierrez filed a timely notice of appeal. On appeal, Mr. Gonzalez-Gutierrez's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967). Counsel asks permission to withdraw from his representation of Mr. Gonzalez-Gutierrez, contending that he "can not ethically advance an appeal in this matter." Aplt's Br. at 2. Counsel further states that "there is [no] meritorious issue to be advanced" on Mr. Gonzalez-Gutierrez's behalf. Id.

Under Anders, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). In such a case, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." Id. The client is then permitted to submit arguments to the court in response. The court must then

fully examine the record "to determine whether defendant's claims are wholly frivolous." Id. If so, the court may dismiss the appeal.

In this case, Mr. Gonzalez-Gutierrez was served with counsel's brief. However, Mr. Gonzalez-Gutierrez has not informed this Court of any issue that he wishes to pursue on appeal. Based on our independent review of the record, we agree with counsel that there are no non-frivolous grounds upon which Mr. Gonzalez-Gutierrez could appeal his conviction or his sentence. The record indicates that Mr. Gonzalez-Gutierrez's plea was knowing and voluntary. Moreover, his sentence is supported by the applicable law and the facts of this case.

Accordingly, we DISMISS this appeal and GRANT counsel permission to withdraw in this matter.

Entered for the Court,


Robert H. Henry
United States Circuit Judge