FILED
United States Court of Appeals
Tenth Circuit

March 26, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MIGUEL SILVA-TORRES,

    Defendant-Appellant.

No. 07-2238

(D.C. No. CR-07-1374-JAP)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, MURPHY**, and **HARTZ**, Circuit Judges.

Defendant Miguel Silva-Torres pled guilty to one count of illegal re-entry by a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) & (b)(2).  The district court sentenced him to thirty-three months' imprisonment.  On appeal, Defendant's counsel has filed an <u>Anders</u> brief, arguing that there are no legally viable issues for appeal.  <u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967).  The government has declined to file a response.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss the appeal and grant counsel's motion to withdraw.

## I.

After Defendant pled guilty, the presentence report ("PSR") determined that Defendant's base offense level was eight. U.S.S.G. § 2L1.2(a). Defendant received a sixteen-level enhancement because of a previous conviction for a drug trafficking offense. See id. § 2L1.2(b)(1)(A)(i). He also received a three-level reduction for acceptance of responsibility, see id. § 3E1.1, which resulted in a total offense level of twenty-one. In addition, because Defendant's prior conviction had resulted in a sentence of three years' imprisonment, the PSR assessed him three criminal history points. See id. § 4A1.1(a). This produced a criminal history category of II, which, when combined with Defendant's total offense level of twenty-one, resulted in a Guidelines range of forty-one to fifty-one months' imprisonment. See id. ch. 5, pt. A.

Defendant's court-appointed counsel, Noel Orquiz, filed a Sentencing Memorandum with the district court, agreeing with the PSR's calculations under the Guidelines but nonetheless requesting a variance under the factors listed in 18 U.S.C. § 3553(a). Mr. Orquiz explained that Defendant's prior conviction had occurred almost thirteen years earlier, when Defendant was only nineteen years old. Mr. Orquiz argued, therefore, that the Guidelines range was "unreasonably harsh and greater than necessary to achieve the statutory purposes of Section

-2-

3553."  Sentencing Memorandum, Doc. 14, at 2.

At the sentencing hearing, the district court agreed with Mr. Orquiz and granted Defendant a downward variance from the Guidelines range.  The court sentenced Defendant to thirty-three months' imprisonment, explaining:

> I have reviewed the Presentence Report factual findings.  I have considered the sentencing guideline applications and the factors under [18 U.S.C. § 3553(a)].  The guideline imprisonment range is 41 to 51 months.  Sentence will be imposed, however, independent of the Guidelines under [18 U.S.C. § 3553(a)].  I have determined that a sentence of 33 months, to which the Government does not object, is a sentence that's sufficient but not longer than necessary to . . . meet the goals of Section 3553(a)(1) and (2).

Sentencing Tr. at 6.

Mr. Orquiz has now filed an Anders brief, arguing that there are no legally viable issues for appeal.  The government has not filed a response.

II.

Under Anders, a court-appointed defense counsel who has "conscientiously examine[d] a case," and concluded "that any appeal would be wholly frivolous," may

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record.  The client may then choose to submit arguments to the court.  The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous.  If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386

U.S. at 744).

We agree with counsel that no potentially meritorious issues exist on appeal. There is no reason to believe that Defendant's plea was anything other than knowing and voluntary. See Brady v. United States, 397 U.S. 742, 755-56, (1970). Defendant had the opportunity to object to any facts contained in the PSR, but did not do so, and, under Rule 32(i)(3)(A) of the Federal Rules of Criminal Procedure, the district court was permitted to "accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A).

The record further indicates that Defendant's sentence was reasonable. As the Supreme Court recently explained in Kimbrough v. United States, --- U.S. ---, 128 S. Ct. 558, 564 (2007), "'reasonableness' is the standard controlling appellate review of the sentences district courts impose." First, we review for procedural reasonableness, asking whether the district court committed a procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall v. United States, --- U.S. ---, 128 S. Ct. 586, 597 (2007). We then review for substantive reasonableness "under an abuse-of-discretion standard," and, "[w]hen conducting this review, [we] will, of course, take into

-4-

account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id.; see also United States v. Smart, --- F.3d ---, 2008 WL 570804, at *4-*9 (10th Cir. 2008).

There is no indication that the district court committed a procedural error here. Moreover, the district court did not abuse its discretion in sentencing Defendant to thirty-three months' imprisonment—eight months below the bottom of the Guidelines range. Defendant's prior conviction was relatively stale, and the district court's analysis of Defendant's sentence, under the factors listed in 18 U.S.C. § 3553(a), is persuasive. Defendant's sentence was both procedurally and substantively reasonable.

We DISMISS Defendant's appeal and GRANT counsel's motion to withdraw.

Entered for the Court

Mary Beck Briscoe
Circuit Judge