**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PEDRO ARMENDARIZ-CASTILLO,

Defendant - Appellant.

No. 07-2226

(D. New Mexico)

(D.C. No. 07-CR-00490-BB)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and appellant Pedro Armendariz-Castillo pled guilty to illegal

reentry by a previously deported alien, in violation of 8 U.S.C. § 1326(a)(1), (2)

and (b)(2). During the plea colloquy, the court specifically told Armendariz-

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Castillo that he could receive a sentence up to twenty years.  Armendariz-Castillo indicated that he had discussed his case with his attorney, that he understood the charges against him and the potential penalties, and that his plea of guilty was voluntary.

In preparation for sentencing, the United States Probation Office prepared a presentence report ("PSR").  The PSR revealed that Armendariz-Castillo had previously been deported following a conviction for transporting illegal aliens.  With a total adjusted offense level of 21 and a criminal history category III, the advisory sentencing range under the United States Sentencing Commission, Guidelines Manual ("USSG"), was forty-six to fifty-seven months.

The probation office determined, however, that Armendariz-Castillo's criminal history category was overstated, and that his criminal history "is most similar to a defendant in criminal history category II."  PSR ¶ 44, R. Vol. 2.  That criminal history category yielded an advisory Guidelines range of forty-one to fifty-one months.  The district court sentenced Armendariz-Castillo to forty-one months' imprisonment.  He seeks to appeal that sentence.

Armendariz-Castillo's appointed counsel, James Baiamonte, has filed an Anders brief and has moved to withdraw as counsel.  See Anders v. California, 386 U.S. 738 (1967).  Armendariz-Castillo has not filed a response, and the government has declined to file a brief.  We therefore base our conclusion on counsel's brief and our own careful review of the record.  For the reasons set

forth below, we agree with Mr. Baiamonte that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

"When reviewing a sentencing challenge, we evaluate sentences imposed by the district court for reasonableness." United States v. Thompson, 518 F.3d 832, 866 (10th Cir. 2008) (further quotation omitted). This reasonableness inquiry "includes both procedural and substantive components, and we 'review the sentence under an abuse-of-discretion standard.'" Id. (quoting Gall v. United States, 128 S. Ct. 586, 594 (2007)). "Procedural reasonableness involves using the proper method to calculate the sentence. Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Id. at 866-67 (further quotation omitted).

Under Anders, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744). This process requires counsel to:

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after

such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

Id. (citing Anders, 386 U.S. at 744). As indicated, Armendariz-Castillo's counsel has filed his Anders brief in this appeal, to which neither Armendariz-Castillo nor the government has responded.

We agree with counsel that there is no nonfrivolous issue related to Armendariz-Castillo's sentence which could form the basis for an appeal. We have carefully reviewed the record, and can discern no procedural or substantive unreasonableness with the sentence or the way it was calculated and imposed.

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge