FILED
United States Court of Appeals
Tenth Circuit

December 16, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BENJAMIN ARCHULETA,

Defendant - Appellant.

No. 09-4062

(D. Utah)

(D.C. No. 2:05-CR-00676-DB-1)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Benjamin Archuleta appeals from the district court's modification of his term of supervised release. Archuleta's counsel has filed an *Anders* brief,[1] asserting he could find no meritorious basis for appeal and simultaneously moving to withdraw as counsel. For those reasons set out below, this court **grants** counsel's motion to withdraw and **dismisses** this appeal.

In 2008, Archuleta pleaded guilty to one count of providing false information in the attempted acquisition of a firearm, in violation of 18 U.S.C. § 922(g)(6). Archuleta was sentenced to time served and was placed on supervised release for a period of twenty-four months. One condition of Archuleta's supervised release was that he complete the RISE Program.[2] When the magistrate judge supervising the RISE Program terminated Archuleta's participation in the program for noncompliance, the district court held a hearing on whether to revoke Archuleta's supervised release. At the revocation hearing, the district court declined to decide whether Archuleta had violated the terms of his supervised release. Instead, the district court decided that intensive

---

[1]*Anders v. California*, 386 U.S. 738 (1967).

[2]The United States District Court for the District of Utah describes the RISE Program as follows:

> The "RISE" Program is the cooperative effort of multiple agencies involved with persons under federal supervision for criminal offenses who are experiencing problems with drugs and/or alcohol. RISE exists because of a recognition that substance abuse and addiction are related to criminal activity and anti-social behavior.

supervision was not beneficial to Archuleta. Accordingly, the district court reduced the remaining term of Archuleta's supervised release from twelve months to six months and eliminated all conditions of supervised release other than the condition that Archuleta not violate state, local, or federal law. The district court described to Archuleta the results of its modifications of supervised release as follows: "I'm going to essentially cut you loose."

After Archuleta filed a pro se notice of appeal, counsel filed an *Anders* brief advising the court that this appeal is wholly frivolous. Accordingly, counsel seeks permission to withdraw. Pursuant to *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Counsel is required to submit an appellate brief "indicating any potential appealable issues." *Id.* Once notified of counsel's brief, the defendant may then submit additional arguments to this court. *Id.* We "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *Id.*

Although this court attempted to notify Archuleta of counsel's *Anders* brief, all mail was returned as undeliverable. The government declined to file a brief. Thus, our resolution of the case is based on counsel's *Anders* brief and this court's independent review of the record. That independent review confirms counsel's assertion that this appeal is meritless. In particular, the district court

clearly had the power to modify both the conditions and length of Archuleta's term of supervised release. 18 U.S.C. § 3583(e)(2). More importantly, the revised term and conditions of supervised release all redounded in Archuleta's favor. Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge