**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 15, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALBERT JESSE GALLEGOS, JR.,

Defendant - Appellant.

No. 13-1533
(D.C. No. 1:12-CR-00417-PAB-1)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY** and **McHUGH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Defendant Albert Jesse Gallegos, Jr. pleaded guilty to one count of being a felon

in possession of a firearm, an offense criminalized by 18 U.S.C. § 922(g)(1). The

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court sentenced him to 78 months in prison, and Mr. Gallegos filed a timely appeal. Mr. Gallegos's counsel has filed an *Anders* brief and a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). Exercising jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

## I.      BACKGROUND

In August 2012 individuals living in Jefferson County, Colorado, reported to police that Mr. Gallegos, a previously convicted felon, had pointed a gun at them. In response to this complaint and other allegations, the police obtained several warrants for Mr. Gallegos's arrest, which they executed on September 13, 2012. At that time, Mr. Gallegos was in possession of two firearms. On October 19, 2012, Jefferson County filed state charges against Mr. Gallegos as a felon in possession of a firearm. He pleaded guilty and served a state sentence of incarceration from which he was released on February 26, 2013. Although the federal government had issued a federal warrant and detainer for Mr. Gallegos, the state released him on bond. Subsequently, the federal government prosecuted Mr. Gallegos in the District of Colorado for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty to the federal charges.

Prior to sentencing, a United States probation officer prepared Mr. Gallegos's presentence report. The presentence report indicates that the

combination of Mr. Gallegos's criminal-history category of VI and his total offense level of 19 results in a recommended guideline range of 63-78 months.

Although neither Mr. Gallegos nor the government objected to the presentence report, Mr. Gallegos filed a request for a variance, seeking a sentence below the recommended guideline range. Mr. Gallegos's motion raised two grounds for a variance. First, he noted that both the State of Colorado and the United States had prosecuted him for being a felon in possession based on the same incident, for which he had already spent 13 months in state custody. Mr. Gallegos argued that if the federal government had exercised primary jurisdiction, that 13 months would have been credited against his federal sentence. As a result, he argued that an equitable variance was in order. Second, Mr. Gallegos challenged a six-level increase in his offense-level based on a prior burglary conviction, arguing that the conviction was stale and did not involve the use of a firearm.

At sentencing, the district court accepted the guideline calculations in the presentence report, observing that neither party had objected to them. It next considered Mr. Gallegos's request for a variance. The district court was not persuaded that the burglary conviction was too stale to warrant consideration, both because of the seriousness of a crime involving entry into a home and because Mr. Gallegos's criminal history had been essentially continuous since the burglary conviction. With respect to the time Mr. Gallegos served on the state felon-in-

possession charges, the district court first explained there was no way to know when Mr. Gallegos would have been sentenced in state court if the federal government had asserted primary jurisdiction, and consequently no way to know how many months of his sentence would have been credited against his federal sentence. But, even assuming all 13 months would have been credited, the district court stated it would not grant the variance due to Mr. Gallegos's extensive criminal history and dangerousness.

The district court sentenced Mr. Gallegos to 78 months in prison, a sentence near the top of the applicable guideline range. It entered final judgment on December 19, 2013, and Mr. Gallegos timely appealed. Counsel for Mr. Gallegos then filed an *Anders* brief, indicating that there are no nonfrivolous issues for appeal.

## II. DISCUSSION

*Anders* permits a defendant's appellate counsel to seek the court's permission to withdraw if, "after a conscientious examination" he finds the appeal to be "wholly frivolous." *Anders*, 386 U.S. at 744. But the attorney must "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). The client may also file a separate submission identifying arguments for the appellate court's consideration. *Id.* The appellate court is then required to conduct

an independent review of the record to determine if the appellant's claims are "wholly frivolous." *Id.*

In the present case, defense counsel provided Mr. Gallegos a copy of the *Anders* brief and the clerk of this court sent him a letter informing him of his right to respond with meritorious arguments within 30 days. Despite a subsequent letter from the clerk affording Mr. Gallegos an additional ten days to do so, he never responded. The government also declined to file a brief, concluding that it "could do no more in a formal brief than endorse [defense] counsel's conclusions." After independently examining the record, we agree that there are no meritorious issues for appeal.

The facts underlying Mr. Gallegos's guilty plea are not in dispute and those facts support a felon-in-possession charge. Mr. Gallegos executed a written Plea Agreement, which set forth the facts admitted, and a written Statement in Advance of Plea of Guilty, which acknowledges that he has been advised of the consequences of the entry of his guilty plea. The district court accepted Mr. Gallegos's guilty plea after a colloquy in compliance with Rule 11of the Federal Rules of Criminal Procedure and the Constitution, and Mr. Gallegos did not raise any objections to the entry of guilty plea in the district court.

We also see nothing in the record to support a conclusion that the sentence imposed by the district court was procedurally or substantively unreasonable. Mr.

Gallegos did not raise any objections to the presentence report or to the district court's calculation of the applicable guideline range. The district court afforded Mr. Gallegos a meaningful opportunity to allocute, recognized the advisory nature of the guidelines, and explained the reasons for the sentence imposed. Nor is there anything in the record to suggest that the sentence is substantively unreasonable. It was not "arbitrary, capricious, whimsical, or manifestly unreasonable," *United States v. Sells*, 541 F.3d 1227 (10th Cir. 2008), for the district court to refuse to speculate about when Mr. Gallegos would have been sentenced by the state if the federal government had exercised primary jurisdiction. And the district court explained it was persuaded not to grant the variance based on Mr. Gallegos's extensive criminal conduct, which was ongoing at the time of arrest and involved loaded weapons. Finally, the parallel state and federal felon-in-possession prosecutions do not violate the double jeopardy clause because they involve offenses against two separate sovereigns. *See Rinaldi v. United States*, 434 U.S. 22 (1977).

## III. CONCLUSION

Based on our independent review of the record, we conclude that the issues identified by counsel are wholly without merit. Accordingly, we GRANT the motion for leave to withdraw and DISMISS the appeal.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge