**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ANDRES ZAAVEDRA, a/k/a Andre
Zaavedra,

      Defendant - Appellant.

No. 14-5089
(D.C. No. 4:12-CR-00156-GKF-2)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.[**]

---

      Defendant-Appellant Andres Zaavedra appeals from the sentence imposed

upon his conviction of unlawful use of a communication facility, 21 U.S.C. §§

843(b) & 843(d)(1).  Mr. Zaavedra's attorney filed a brief and motion to withdraw

pursuant to Anders v. California, 386 U.S. 738 (1967) and 10th Cir. R.

46.4(B)(1).  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

§ 3742(a).  We dismiss the appeal and grant counsel's motion to withdraw.

Background

Mr. Zaavedra was indicted on seven counts involving drugs and firearms.  I R. 11–21.  He pled guilty to an information charging use of a communication facility to facilitate a conspiracy to possess with intent to distribute and distribute methamphetamine, reserving the right to appeal the sentence imposed.  I R. 22–23; 25–47.

Mr. Zaavedra's advisory guideline range was 108–135 months based upon a total offense level of 31 and a criminal history category of I.  II R. 40.  He was sentenced to the statutory maximum of 48 months after the district court denied a downward variance.  The district court noted that the offense involved 489.3 grams of 93.6 percent pure methamphetamine and that the statutory maximum was substantially less time than Mr. Zaavedra's criminal conduct justified.  II R. 52, 53–54.

Discussion

In Anders, the Supreme Court explained that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."  386 U.S. at 744.  Mr. Zaavedra's counsel has done so by motion.  Mr. Zaavedra was served with a copy of the

Anders brief, Aplt. Br. at 12, and two notices by this court, 10th Cir. R. 46.4(B)(2) & App. A, 10th Cir. Form 4, but did not respond. The government did not file an answer brief as it agrees with the assessment by Mr. Zaavedra's counsel. Pursuant to Anders, we conduct an independent review to decide whether any claim Mr. Zaavedra might raise is frivolous. 386 U.S. at 744. After conducting such a review, we conclude that there are no non-frivolous claims. See United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005).

Review of a district court's sentence is for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Such a review has a procedural and substantive component. Id. A statutory maximum sentence that is below the Guidelines range is functionally equivalent to a within-Guidelines sentence and is entitled to a presumption of reasonableness. United States v. Johnson, 445 F.3d 793, 798 (5th Cir. 2006).

Nothing in the transcripts or the pleadings we have suggests that the district court bypassed or incorrectly calculated the Guidelines range, treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors, relied upon clearly erroneous facts, or failed to explain the sentence. See Gall, 552 U.S. at 51. Given no apparent procedural error, let alone any objection, the substantive reasonableness of the sentence is based upon the totality of the circumstances and it is permissible for the court of appeals to apply a presumption of reasonableness to a within-Guidelines sentence. See Peugh v. United States,

133 S. Ct. 2072, 2080 (2013).

Mr. Zaavedra sought a downward variance and urged the district court to impose probation based on (1) delay between commission of the offense and sentencing, I R. 51, (2) a state deferred sentence arising out of the same conduct, I R. 49, and (3) the need to avoid sentencing disparities given a co-defendant's sentence. The district court surely did not abuse its discretion in imposing the four-year sentence give its findings/conclusions that (1) the delay was in part attributable to Mr. Zaavedra, (2) Mr. Zaavedra's positive behavior subsequent to arrest did not negate the seriousness of the offense involving almost 500 grams of methamphetamine, and (3) Mr. Zaavedra substantially benefitted from the prosecution's decision to allow him to plead to a less-serious offense with a cap far below the Guidelines range. II R. 53-54.

For the foregoing reasons, we DISMISS the appeal and GRANT counsel's motion to withdraw.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge