**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 23, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE LUIS HERNANDEZ-
MARTINEZ, a/k/a Pechitos,

    Defendant - Appellant.

No. 15-1312
(D.C. No. 1:11-CR-00243-WYD-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

Jose Luis Hernandez-Martinez agreed with prosecutors to plead guilty to

two counts of conspiracy to distribute methamphetamine in return for a promised

prison term at the statutory minimum — 120 months. *See* 21 U.S.C.

§§ 841(b)(1)(A)(viii), 846. Though the district court accepted the plea deal and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Hernandez-Martinez received the benefit of his bargain, he now seeks to appeal the district court's judgment.

Mr. Hernandez-Martinez's attorney, though, has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Under *Anders*, a defendant's lawyer may seek permission to withdraw from an appeal if, "after a conscientious examination" of the record, he finds the appeal "wholly frivolous." *Id.* at 744. The attorney must, however, "submit a brief to the client and the appellate court indicating any potential appealable issues." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). The client may in turn submit his own arguments for the court's consideration. *Id.* After that, the court must "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *Id.* If they are, the court may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

All these conditions are satisfied here. In his *Anders* brief, Mr. Hernandez-Martinez's attorney explains that, after a careful examination of the record, he can discern no potential points of appeal. Though he was afforded the opportunity to do so, Mr. Hernandez-Martinez has not submitted any materials disputing this analysis or identifying any arguments he now wishes to make. And having conducted our own review of the record, we agree that Mr. Hernandez-Martinez has no meritorious grounds for an appeal. His guilty plea was clearly knowing and voluntary. He was apprised in writing and orally of the direct and collateral

consequences of his plea, and he expressly conveyed his understanding of the many rights he would waive by pleading guilty. *See, e.g.*, *United States v. Vidal*, 561 F.3d 1113, 1118 (10th Cir. 2009). Neither are there grounds to believe Mr. Hernandez-Martinez's sentence infirm. The district court correctly calculated his advisory guidelines range, considered the sentencing factors set out in 18 U.S.C. § 3553(a), and sentenced him to the prison term he had negotiated — the minimum for his offense and a term far below his advisory guidelines range. *See, e.g.*, *United States v. Masek*, 588 F.3d 1283, 1290-91 (10th Cir. 2009).

The motion to withdraw is granted and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge