FILED
United States Court of Appeals
Tenth Circuit

March 24, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JHONY MORALES-CRUZ,

    Defendant - Appellant.

No. 15-5071
(D.C. Nos. 4:15-CR-00059-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Mr. Jhony Morales-Cruz pleaded guilty to one count of illegal reentry after a prior removal. *See* 8 U.S.C. § 1326(a). Accepting the plea, the district court sentenced Mr. Morales-Cruz to six months' imprisonment and a one-year term of supervised release. Mr. Morales-Cruz appealed in July 2015 and completed the prison term roughly two months later. He was then removed to Mexico.

---

[*] The parties have not requested oral argument, and the Court concludes that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Counsel for Mr. Morales-Cruz moves to withdraw under *Anders v. California*, 386 U.S. 738 (1968). Applying *Anders*, we conclude that any appellate challenges would be frivolous. Thus, we grant the motion to withdraw and dismiss the appeal.

## I.    Anders v. California

Under *Anders v. California*, attorneys can seek leave to withdraw from an appeal when they conscientiously examine a case and determine that an appeal would be frivolous. *Anders v. California*, 386 U.S. 738, 744 (1967). To obtain leave to withdraw, an attorney must

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).

Defense counsel filed a brief, moving to withdraw. In deciding whether to grant this motion, we consider defense counsel's brief and the record on appeal.

## II.    Possible Challenges to the Sentence

Any possible challenge to the prison term would be moot because Mr. Morales-Cruz has completed this part of the sentence. If he appealed the six-months' sentence, that part of the appeal would become moot. *See*

*United States v. Quezada-Enriquez*, 567 F.3d 1228, 1232 n.2 (10th Cir. 2009) ("[T]he sentence itself ends upon release and any subsequent challenge to its length is generally futile.").

Though Mr. Morales-Cruz remains under supervised release, his removal "eliminate[s] all practical consequences" of the supervised-release conditions. *United States v. Vera-Flores*, 496 F.3d 1177, 1181-82 (10th Cir. 2007). As a result, a challenge to the supervised release term would be moot. *Id.*

### III.  Possible Challenges to the Conviction

We also conclude that no valid grounds exist for a challenge to the conviction. Mr. Morales-Cruz pleaded guilty and the district court accepted his plea after an extensive colloquy. The district court sufficiently advised and questioned Mr. Morales-Cruz to ensure that the guilty plea was voluntarily, knowingly, and intelligently entered. Thus, we have no reasonable basis to question the validity of the guilty plea.

### IV.  Conclusion

We grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court

Robert E. Bacharach
Circuit Judge

-3-