FILED
United States Court of Appeals
Tenth Circuit

March 4, 2026

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

PAUL ALLEN KING,

      Defendant - Appellant.

No. 25-8050
(D.C. No. 1:22-CR-00135-ABJ-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.[**]
_____

Defendant Paul Allen King pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 21-months' imprisonment and three years of supervised release. The terms of Defendant's supervised release prohibited him from, among other things, illegally possessing or using any controlled substance. While serving his term of

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

supervised release, Defendant used cocaine. Upon his probation officer's petition to revoke, Defendant admitted, and the district court found, he had violated the terms of his supervised release by using cocaine on or about September 3, 12, 20, and 26, 2024, June 5 and 18, 2025, and July 2, 2025. The district court departed below the guideline range of 5 to 11 months and granted Defendant's request for a three months' sentence of imprisonment. The court further sentenced Defendant to 18-months' supervision following his release. Defendant now appeals the revocation of his original term of supervised release and the sentence imposed thereon. Our jurisdiction arises under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Presently before the Court is appointed defense counsel's *Anders* brief and motion to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). The Clerk of Court notified Defendant and informed him he could timely file a response in objection to his counsel's *Anders* brief. He has done so. After plenary review of the entire record, we agree with defense counsel that no nonfrivolous basis for Defendant's appeal appears in the record. Accordingly, the Court grants counsel's motion to withdraw and dismisses Defendant's appeal.

In *Anders*, the Supreme Court held that if appointed counsel "finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id*. at 744. Counsel must submit to the court a brief "referring to anything in the record that might arguably support an appeal." *Id*. When counsel submits an *Anders* brief accompanied by a motion to withdraw, we "conduct a full examination of the record to determine whether

2

defendant's claims are wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). If we agree with counsel's evaluation of the case, we grant the request to withdraw and dismiss the appeal. *Anders*, 386 U.S. at 744.

In her *Anders* brief, defense counsel asks whether any nonfrivolous basis exists to challenge (1) the district court's finding that Defendant violated the terms of his supervised release or (2) the sentence the court imposed for the violation of those terms. Given Defendant admitted at his revocation hearing that he violated the terms of his supervised release by using cocaine on multiple occasions, counsel can locate no basis for contesting the revocation. Similarly, given Defendant requested the term of imprisonment the Court imposed upon revocation, and such sentence was based on a proper calculation of the advisory guideline range, counsel can locate no basis for contesting the sentence imposed. In his response to the *Anders* brief, Defendant claims "judicial bias, improper profiling, and reliance on unsupported allegations" affected the district court's sentence. Defendant says that at sentencing, the district court made improper comments characterizing him as a drug dealer, and that accusing him of criminal conduct unsupported by the record violated his Fifth Amendment right to due process and undermined the fairness of the revocation hearing.

But our reading of the revocation hearing transcript has uncovered nothing improper about the district court's comments related to drug trafficking. The court commented that Defendant had likely paid a source at the motel where he was residing for the cocaine and "paying for an unlawful substance certainly . . . is engaging in

unlawful conduct under the laws of the United States, and, potentially, could land you back in a lengthy prison sentence if it's found that you're trafficking, as so many people do in order to obtain their supply." Hearing Transcript at 16. The court, however, made clear that it was "not conducting an investigation into the trafficking of cocaine today." *Id.* at 15. The district court's comments simply warned Defendant that if in the future he was caught trafficking cocaine to support his habit, the consequences of trafficking would be much worse than the consequences of using. Nothing about the court's comments is improper.

Our careful review of the record reveals defense counsel has properly evaluated Defendant's appeal. Neither the issues identified by counsel in her *Anders* brief, the issue raised by Defendant in his response thereto, nor any other issue Defendant might raise, even arguably has merit. Accordingly, we grant defense counsel's motion to withdraw and dismiss Defendant's appeal as meritless. We commend defense counsel for her forthrightness.

MOTION TO WITHDRAW GRANTED; APPEAL DISMISSED.

Entered for the Court

Bobby R. Baldock
Circuit Judge