**UNITED STATES COURT OF APPEALS**

**August 14, 2008**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 08-2039 |
| v. | (D. New Mexico) |
| PATRICIA MARTINEZ-DE NEVAREZ, | (D.C. No. 2:07-CR-01267-MV-1) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Patricia Martinez-De Nevarez pleaded guilty to one count of illegally
reentering the United States in violation of 8 U.S.C. § 1326(a). The United States

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Probation Office prepared a pre-sentence report ("PSR"). The PSR applied a sixteen-level enhancement to the defendant's base offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), for committing a prior crime of violence; in this case, burglarizing a residence in Texas. The defendant's resulting offense level was twenty-one. Her criminal history category was I, establishing an advisory guidelines' range of thirty-seven to forty-six months' imprisonment. The probation officer, however, recommended a below-guidelines sentence, because the defendant's prior burglary conviction occurred in 1984, twenty-four years prior to this offense, and her involvement in the burglary was minor compared to her co-defendants.

Martinez-De Nevarez filed several objections to the PSR. Although the district court overruled the defendant's objections, it granted a downward variance. The defendant was sentenced to twelve months' and one day imprisonment.

Martinez-De Nevarez filed a timely Notice of Appeal and her counsel, James Baiamonte, filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), moving to withdraw as counsel. Under *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Counsel is required to submit a brief to both the defendant and this court indicating any potential appealable

issues. *Id.* The defendant may then submit additional arguments. "The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal." *Id.* (citation omitted). Martinez-De Nevarez's counsel filed his *Anders* brief on April 21, 2008. The defendant has not submitted any additional arguments. Our conclusions, therefore, are based on counsel's *Anders* brief and our own review of the record.

After *United States v. Booker*, 543 U.S. 220 (2005), this court reviews sentences for an abuse of discretion, asking whether the sentence is reasonable. *United States v. Gall*, 128 S. Ct. 586, 594 (2007). We first determine whether the sentence is procedurally reasonable. *United States v. Muñoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008). We next "consider the sentence's substantive reasonableness utilizing the abuse-of-discretion standard." *Id.* In this case, the district court properly calculated the defendant's advisory guideline range and committed no procedural error. Further, the sentence was substantively reasonable. The district court concluded the defendant's advisory guidelines range over-represented the seriousness of the offense and therefore granted the defendant a twenty-five month downward variance. Martinez-De Nevarez thus seeks to argue a twenty-five month downward variance was unreasonable and the court should have imposed an even *greater* downward variance. This argument is

without merit. Giving due deference to the district court's decision that the 18 U.S.C. § 3553(a) factors justify the extent of the variance, we find the district court's sentence was reasonable. *Muñoz-Nava*, 524 F.3d at 1149.

Our review of the record reveals no other claims arguable on their merits, and we accordingly conclude that Martinez-De Nevarez's appeal is wholly frivolous. Counsel's motion to withdraw is **granted** and this appeal is **dismissed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge