FILED
United States Court of Appeals
Tenth Circuit

December 12, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS HERNANDEZ-HERNANDEZ,

Defendant - Appellant.

No. 08-2072

(D. New Mexico)

(D.C. No. 2:07-cr-00884-LH-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Jesus Hernandez-Hernandez pleaded guilty in the United States District Court for the District of New Mexico to unlawful entry by a deported alien, *see* 8 U.S.C. § 1326(a), (b). The district court sentenced him to 51 months' imprisonment, and he appealed. Finding no meritorious issues for appeal, his counsel has submitted an *Anders* brief and a motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Counsel provided Mr. Hernandez-

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Hernandez with a copy of the brief, but Mr. Hernandez-Hernandez has filed no response with this court. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal and grant the motion.

*Anders* held that a court-appointed defense counsel may "request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). To this end, counsel must

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citations omitted).

Mr. Hernandez-Hernandez, a Mexican citizen, was apprehended by the United States Border Patrol on February 7, 2007, near Hachita, New Mexico. He was charged in a one-count indictment with unlawful entry by a deported alien. After he pleaded guilty, the United States Probation Office, applying the 2007 edition of the United States Sentencing Guidelines (USSG), prepared a presentence report (PSR) for the district court.

The PSR stated that Mr. Hernandez-Hernandez had previously been deported after being convicted of Assault with a Deadly Weapon Inflicting Serious Injury in North Carolina, a felony punishable by a maximum of 30

months' imprisonment. He was released from custody on February 1, 2006, and placed on parole, which expired on August 28, 2007. His base offense level of 8, *see* USSG § 2L1.2(a), was increased by 16 because of this prior felony conviction, *see id.* § 2L1.2(b)(1)(A). After applying a 2-level reduction for his acceptance of responsibility, *see id.* § 3E1.1(a), the PSR calculated his total offense level to be 22. His criminal-history category was III, based on his prior felony conviction and his commission of the unlawful entry while on parole and within two years of his release from custody. *See id.* § 4A1.1(a), (d), (e). The PSR recommended the corresponding guideline range of 51 to 63 months' imprisonment.

Mr. Hernandez-Hernandez filed a motion in the district court requesting a variance from the recommended guideline range because it was unreasonable. He contended that double-counting his prior felony conviction both to enhance his criminal-history category and to raise his total offense level by 16 would be unreasonable, and that the court should consider the effect of double-counting his prior felony conviction when considering the overall reasonableness of his sentence under 18 U.S.C. 3553(a). He also pointed to the nonviolent nature of the unlawful-entry offense and the poverty of his childhood. He requested the district court to sentence him to a term of 12 months and one day. The district court denied the request and sentenced Mr. Hernandez-Hernandez to 51 months' imprisonment, the lower end of the recommended guideline range.

Counsel's *Anders* brief recites Mr. Hernandez-Hernandez's contention that the district court erred in failing to sentence him to a term of 12 months and one day. But our review of the record confirms that there is no meritorious basis for appeal.

Accordingly we DISMISS the appeal and GRANT counsel's motion to withdraw.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge