**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 18, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

COURTNEY M. IRVINE,

      Defendant-Appellant.

No. 08-8035

(D. Wyoming)

(D.C. No. 2:07-CR-255-ABJ-2)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Courtney Irvine was indicted on a single count of conspiracy with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. 21 U.S.C. §§ 846 & 841(a)(1), (b)(1)(A). Shortly

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

thereafter, the government filed an information pursuant to 21 U.S.C. § 851, noting Irvine was subject to a mandatory life sentence in light of his two previous felony drug convictions. Irvine and the government entered into a plea agreement in which Irvine agreed to plead guilty to the lesser included offense of conspiracy with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine. 21 U.S.C. §§ 846 & 841(a)(1), (b)(1)(B). In exchange for Irvine's guilty plea, the government agreed to withdraw its § 851 information, thereby eliminating the possibility Irvine would be subject to a minimum mandatory sentence. The district court accepted the guilty plea and sentenced Irvine to seventy-seven months' imprisonment, a sentence at the bottom of the advisory Guidelines range. Irvine appeals, contending his sentence is procedurally unreasonable.

Irvine's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising the court that Irvine's appeal is wholly frivolous. Accordingly, counsel seeks permission to withdraw. Pursuant to *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Counsel is required to submit an appellate brief "indicating any potential appealable issues." *Id.* Once notified of counsel's brief, the defendant may then submit additional arguments to this court. *Id.* We "must then conduct a full examination of the record to determine whether

defendant's claims are wholly frivolous." *Id.* Irvine was given notice of counsel's *Anders* brief and motion to withdraw and filed a response thereto. The government declined to file a brief. Our resolution of the case is, therefore, based on counsel's *Anders* brief, Irvine's response, and this court's independent review of the record.

In arriving at a sentencing range under the advisory Sentencing Guidelines, the district court adjusted Irvine's offense level downward two levels for Irvine's acceptance of responsibility. U.S.S.G. § 3E1.1(a). The district court refused, however, to adjust Irvine's offense level downward an additional level pursuant to U.S.S.G. § 3E1.1(b) because Irvine entered his guilty plea on the day his case went to trial. Furthermore, noting he pleaded guilty to a significantly less serious offense pursuant to a plea agreement, the district court refused to adjust Irvine's offense level downward on the basis he was a minor participant in the criminal activity. *Id.* § 3B1.2. Finally, after engaging in a long and thoughtful colloquy with Irvine addressing all relevant sentencing considerations, the district court concluded a sentence at the bottom the advisory Guidelines range was appropriate in light of the factors set out in 18 U.S.C. § 3553(a). Accordingly, the district court sentenced Irvine to seventy-seven months' imprisonment.

In her *Anders* brief, counsel notes that Irvine believes the district court erred in refusing to adjust his offense level downward an additional level for acceptance of responsibility and an additional two levels because he was a minor

participant in the criminal activity. Counsel asserts these contentions are frivolous and further asserts the sentence imposed by the district court is procedurally reasonable as it is based on a properly calculated advisory Guidelines range. *See United States v. Ellis*, 525 F.3d 960, 964 (10th Cir. 2008) (holding that for a sentence to be procedurally reasonable, a district court must consider the properly calculated advisory Guidelines range). In his submission, Irvine contends that both issues identified in counsel's brief are meritorious and, thus, this court should deny counsel's motion to withdraw and order her to fully brief the issues. Because counsel is correct that each of the issues Irvine seeks to raise is frivolous, and because our independent review of the record reveals no potentially meritorious issues, we grant her motion to withdraw and dismiss this appeal.

Irvine's contention the district court should have reduced his offense level one additional level for acceptance of responsibility pursuant to § 3E1.1(b) is frivolous. The additional one-level adjustment for acceptance of responsibility set out in § 3E1.1(b) is only available "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial." U.S.S.G. § 3E1.1(b); *see also id.* § 3E1.1(b) app. n.6 ("Because the Government is in the best position to determine whether the defendant has assisted authorities

in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing."). Here the government affirmatively objected to Irvine's request for a further one-level downward adjustment pursuant to § 3E1.1(b) because Irvine entered his guilty plea on the first day of trial. Thus, the district correctly denied Irvine's request for the adjustment and his assertion to the contrary is legally frivolous.

Irvine's contention the district court erred in refusing to treat him as a minor participant for purposes of § 3B1.2(b) is likewise frivolous. As noted above, as part of his plea agreement, Irvine was allowed to plead guilty to a lesser included offense. Furthermore, in exchange for Irvine's guilty plea, the government withdrew the information it filed pursuant to § 851. This had the effect of freeing Irvine from a lengthy minimum mandatory sentence. 21 U.S.C. § 841(b)(1)(A) (potential minimum mandatory life sentence); *id.* § 841(b)(1)(B) (potential minimum mandatory sentence of ten years' imprisonment). It was for this very reason that the district court refused to adjust Irvine's offense level downward two levels pursuant to § 3B1.2(b). The district court's decision is perfectly consistent with the commentary to § 3B1.2, which provides that when a defendant is allowed to plead guilty to an offense significantly less serious than his actual criminal conduct, a reduction under § 3B1.2 is generally not warranted. U.S.S.G. § 3B1.2 app. n.3(B).

Pursuant to the mandate set out in *Anders*, this court has undertaken an independent review of the entire record in this case.  That review reveals no potentially meritorious issues.  Accordingly, we **GRANT** counsel's request to withdraw and **DISMISS** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge