FILED
United States Court of Appeals
Tenth Circuit

**March 25, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE ANTONIO DE LA TORRE,

Defendant-Appellant.

No. 09-2148
(D.C. No. 2:08-CR-02892-RB-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Jose Antonio De La Torre appeals his sentence imposed for reentry of a

removed alien in violation of 8 U.S.C. § 1326. Mr. De La Torre's appointed

appellate counsel filed an *Anders* brief, seeking permission to withdraw as

counsel on the basis that the potential appellate issues are frivolous. *See Anders*

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*v. California*, 386 U.S. 738, 744 (1967).  Exercising jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

Mr. De La Torre pled guilty to reentry of a removed alien in violation of 8 U.S.C. § 1326.  The presentence report (PSR) calculated his advisory guidelines imprisonment range as 57 to 71 months.  Mr. De La Torre moved for a downward variance from that range, asking the district court to sentence him to time served.  At the sentencing hearing he requested a sentence within the range of 18 to 24 months.  In response, the government recommended a sentence of 60 months.  The district court determined his guidelines range to be 57 to 71 months, but sentenced Mr. De La Torre to a term of 42 months' imprisonment, 15 months below the bottom of the guidelines range.

Mr. De La Torre contends on appeal that his sentence is unreasonably long and that he received ineffective assistance from his trial counsel.  His appointed appellate counsel states that he has conscientiously reviewed the record, discussed the case with Mr. De La Torre and his trial counsel, and concluded that Mr. De La Torre's claims are wholly frivolous.  Appellate counsel therefore filed an *Anders* brief and a motion for permission to withdraw.  Mr. De La Torre has not filed a response to his counsel's *Anders* brief.

In *Anders*, the Supreme Court directed that "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."  386 U.S. at 744.  Counsel

-2-

must submit to the court and his or her client a brief addressing "anything in the record that might arguably support the appeal." *Id.* When counsel submits an *Anders* brief accompanied by a motion to withdraw, we "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). If we concur in counsel's evaluation of the case, we may grant the request to withdraw and dismiss the appeal. *See Anders*, 386 U.S. at 744. We have conducted a full examination of the record and we agree with Mr. De La Torre's counsel's assessment that his claims are wholly frivolous.

"This court reviews a sentence for substantive reasonableness under the abuse-of-discretion standard, and gives substantial deference to district courts." *United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009) (quotation omitted).[1] "Substantive reasonableness . . . involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in [18 U.S.C.] § 3553(a)." *Id.* (quotation and brackets omitted).

Although the district court imposed a below-guidelines sentence, Mr. De La Torre claims the court abused its discretion in failing to grant his

---

[1] Mr. De La Torre did not object to the PSR and we have identified no basis on which he could claim procedural error in the district court's calculation of his sentence. *See Sayad*, 589 F.3d at 1116 (noting "[r]easonableness review is a two-step process" and "[p]rocedural reasonableness involves using the proper method to calculate the sentence" (quotations omitted)).

request for an even-greater downward variance from the guidelines range. *See United States v. Chavez-Diaz*, 444 F.3d 1223, 1228 (10th Cir. 2006) (addressing defendant's challenge to "district court's refusal to further depart downward from the advisory guideline range"). The district court considered his plea for a sentence of time served, or a maximum of 24 months' imprisonment, but concluded that a longer sentence was appropriate, particularly because his reentry followed his felony convictions for possession with intent to distribute marijuana and sexual assault of a minor. *See* 18 U.S.C. § 3553(a)(1) (instructing sentencing court to "consider . . . the history and characteristics of the defendant"); *id.* at § 3553(a)(2) (directing sentencing court to consider factors including deterrence of criminal conduct and protecting the public from further crimes). We find no basis in the record to conclude that the district court abused its discretion in imposing Mr. De La Torre's sentence. *See Chavez-Diaz*, 444 F.3d at 1230 (concluding district court's decision not to further reduce a below-guidelines sentence did not render sentence unreasonable).

Mr. De La Torre also contends that he was denied effective assistance of counsel. "Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *Calderon*, 428 F.3d at 931 (quotation omitted). Thus, regardless of whether

-4-

Mr. De La Torre's ineffective-assistance claim is substantively meritorious, we will not address it in this appeal. *See id.* at 932.

We have fully examined the record to determine whether there are any other claims arguable on their merits, and have found that Mr. De La Torre's appeal is wholly frivolous. Accordingly, we **DISMISS** the appeal and **GRANT** counsel's motion for leave to withdraw.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-5-