**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 13, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

RICHARD ALBERT GARZA, a/k/a
Ricardo Albert Garza, a/k/a Richard
Alberto Garza, a/k/a Ricardo Alberto
Garza,

 Defendant-Appellant.

No. 10-7046
(D.C. No. 6:09-CR-00034-RAW-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **TACHA** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After pleading guilty to his involvement in a conspiracy to possess and distribute methamphetamine, Richard Albert Garza (Garza) was ordered to forfeit to the government $750,000 in United States currency, the amount of proceeds resulting from this criminal conduct. As the government could not locate the proceeds of Garza's criminal conduct upon the exercise of due diligence, the district court amended its order of forfeiture to include Garza's real property located in Thackerville, Oklahoma as substitute property in partial satisfaction of the criminal forfeiture money judgment. Garza filed a pro se notice of appeal in which he appeals from the district court's amended forfeiture order.

Garza's appointed counsel filed an Anders brief asserting that there are no non-frivolous grounds that could be raised on appeal regarding the amended forfeiture order, and moving to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court grants counsel's motion to withdraw and dismisses this appeal.

**I**

On March 18, 2009, Garza was charged in a two-count grand jury indictment in the United States District Court for the Eastern District of Oklahoma with: (1) conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846; and (2) forfeiture of the proceeds resulting from the drug conspiracy pursuant to 21 U.S.C. § 853, which allegedly amounted to $1,500,000, upon his conviction for the drug conspiracy. ROA, Vol. 1 at 15–18. Garza pleaded guilty without a plea agreement to

2

violating 21 U.S.C. § 846. ROA, Vol. 3 at 3. However, as concerned the forfeiture "charge", Garza disputed the amount of proceeds that the government alleged had resulted from the drug conspiracy. Id. The parties agreed that the district court would determine the amount of proceeds during the sentencing proceeding.

On November 9, 2009, during the sentencing proceeding, the district court sentenced Garza to 168 months' incarceration for his violation of 21 U.S.C. § 846 and ordered that he forfeit $750,000 in United States currency to the government. ROA, Vol. 2 at 136, 138. After considering the evidence presented concerning drug amounts, drug sales, and the lien-free property owned by Garza, the district court found by a preponderance of the evidence that Garza's proceeds from the drug conspiracy amounted to $750,000. Id. at 125 ("I'm going to find by a preponderance of the evidence that there were proceeds obtained directly and indirectly from the violations contained in the indictment and that it should be forfeited up to an amount of $750,000.00."). The district court also documented this finding in an order stating that Garza "shall forfeit, pursuant to 21 U.S.C. § 853, to the United States $750,000.00 in United States currency." ROA, Vol. 1 at 28. The district court then entered an order of forfeiture on April 9, 2010, for a "criminal forfeiture money judgment . . . in the amount of $750,000." Id. at 36.

On June 2, 2010, the government filed a motion to amend the district court's order of forfeiture to include certain real property as substitute property pursuant to 21 U.S.C. § 853(p). Id. at 38. The government identified Garza's real property located in Thackerville, Oklahoma as the substitute property. Id. at 41. This property had been

3

valued at $45,000. ROA, Vol. 3 at 10. In its brief in support of the motion, the government asserted that "the United States ha[d] been unable to locate any proceeds that are traceable to the charge for which . . . Garza has pled guilty." ROA, Vol. 1 at 42. The government also attached an affidavit from Special Agent Green of the Drug Enforcement Division of the Bureau of Indian Affairs, who had been assigned to the Drug Enforcement Administration (DEA) as a task force agent, stating that the DEA had analyzed all of Garza's financial records that had been obtained and explaining that the real property was the only "liquid able [sic] asset[] . . . identified to date." Id. at 50–51. Contending that Garza's proceeds from the drug conspiracy could not be traced upon the exercise of due diligence, the government sought the forfeiture of the identified real property as substitute property in partial satisfaction of the criminal forfeiture money judgment. Id. at 42.

On June 3, 2010, the district court entered an amended forfeiture order, granting the government's motion. Id. at 53–55. Garza then filed a pro se notice of appeal appealing the district court's amended forfeiture order. Id. at 56.

**II**

Garza's counsel has filed an Anders brief advising the court that this appeal is wholly frivolous. Accordingly, counsel seeks permission to withdraw. Pursuant to Anders, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). Counsel is required to submit an appellate brief "indicating any potential appealable issues based on the record." Id. Once

4

notified of counsel's brief, the defendant may then submit additional arguments to this court. Id. This court "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." Id.

Although counsel's Anders brief was served on Garza, he did not file a response. The government also declined to file a response, explaining that counsel's Anders brief correctly set forth the applicable facts and law. Thus, our resolution of this case is based on counsel's Anders brief and this court's independent review of the record.

Our independent review of the record confirms counsel's assertion that there are no non-frivolous issues presented in this appeal. The government's interest in and right to the identified real property is defined in 21 U.S.C. § 853. See United States v. Jarvis, 499 F.3d 1196, 1203 (10th Cir. 2007). Under this criminal forfeiture statute, "any property constituting, or derived from, any proceeds . . . [Garza] obtained, directly or indirectly, as a result of [his drug-related criminal] violation" were to be forfeited to the government upon his conviction. 21 U.S.C. § 853(a)(1). The district court found that Garza received proceeds of $750,000 from the drug conspiracy charged in the indictment by a preponderance of the evidence and ordered Garza to forfeit $750,000 in United States currency to the government. ROA, Vol. 2 at 125. Thus, pursuant to § 853(a), the government could seize $750,000 traceable to the drug conspiracy upon Garza's conviction.

The government then filed a motion to amend the order of forfeiture to include certain real property as substitute property, asserting that the proceeds resulting from the

5

criminal conduct could not be located upon the exercise of due diligence. ROA, Vol. 1 at 40, 42. Substitute property is defined as "property that neither comprises the fruits of nor is connected to the defendant's alleged crime." Jarvis, 499 F.3d at 1203–04. Pursuant to 21 U.S.C. § 853(p), the district court "shall order" a defendant to forfeit substitute property to the government where, by the defendant's act or omission, the property subject to forfeiture under § 853(a) cannot be located by the government "upon the exercise of due diligence." See United States v. Alamoudi, 452 F.3d 310, 314 (4th Cir. 2006) (identifying the forfeiture of substitute property as mandatory when the requirements of § 853(p) are satisfied).

The government demonstrated that the proceeds of Garza's criminal conduct could not be located upon the exercise of due diligence based on Special Agent Green's affidavit. In his affidavit, Special Agent Green stated that the DEA had analyzed Garza's financial records and that the real property in Thackerville, Oklahoma was the only asset identified that could be liquidated. See United States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir. 1999) (concluding that the government's "motion and affidavit that recited the efforts the government had made to locate the proceeds of the drug conspiracy that would have been directly forfeitable" demonstrated that these assets could not be located upon the exercise of due diligence pursuant to § 853(p)). Because the requirements for the forfeiture of substitute property in § 853(p) were satisfied, the district court was required to amend its order of forfeiture to include the identified real property as substitute property in partial satisfaction of the criminal forfeiture money judgment.

6

We conclude that any potential issue regarding the amended forfeiture order which could be raised on appeal would be frivolous. We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.

Entered for the Court


Mary Beck Briscoe
Chief Judge