**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 12-4762**

─────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOSEPH LAVERN ROBINSON, a/k/a Jo Jo,

                    Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.    Terry L. Wooten, Chief District
Judge.    (4:09-cr-01271-TLW-1)

─────────

Submitted:  May 23, 2013              Decided:  May 28, 2013

─────────

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

─────────

John M. Ervin, III, Darlington, South Carolina, for Appellant.
Alfred William Walker Bethea, Jr., Assistant United States
Attorney, Florence, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Lavern Robinson appeals his conviction and 180-month sentence following his guilty plea to conspiracy to possess with intent to distribute and distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006). In accordance with Anders v. California, 386 U.S. 738 (1967), Robinson's counsel has filed a brief certifying that there are no meritorious issues for appeal but questioning whether the district court adequately complied with Fed. R. Crim. P. 11 when accepting Robinson's plea and whether Robinson's sentence is reasonable. Although notified of his right to do so, Robinson has not filed a supplemental brief. Finding no error, we affirm in part and dismiss in part.

Where, as here, a defendant did not move to withdraw his plea, we review his Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Because the district court substantially complied with Rule 11 when accepting Robinson's plea, we find that the plea was knowing and voluntary and, therefore, final and binding. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

To the extent Robinson seeks to appeal his sentence, we conclude that we lack jurisdiction to consider his appeal. The district court sentenced Robinson in accordance with the sentencing agreement that he and the Government reached pursuant

2

to Fed. R. Crim. P. 11(c)(1)(C). The statute governing appellate review of a sentence, 18 U.S.C. § 3742(c) (2006), limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that his sentence "was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement." United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). "Otherwise, the Court lacks jurisdiction over the appeal." Id. Here, Robinson's sentence was less than his statutory maximum and was precisely what he and the Government agreed was appropriate. Moreover, the sentence was not imposed as a result of an incorrect application of the Guidelines because it was based on the parties' Rule 11(c)(1)(C) agreement and not on the district court's calculation of the Guidelines. Accordingly, review of Robinson's sentence is precluded by § 3742(c).

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Robinson's conviction and dismiss his appeal of his sentence. This court requires that counsel inform Robinson, in writing, of his right to petition the Supreme Court of the United States for further review. If Robinson requests that a petition be filed, but counsel believes that such a petition would be

3

frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Robinson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
