**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ROBERT JAMES TRUBY,

      Defendant - Appellant.

No. 14-8039
(D.C. No. 2:13-CR-00111-SWS-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY,** and **McHUGH**, Circuit Judges.

A federal jury convicted Robert Truby of two charges arising from his unlawful possession of a sawed-off shotgun. 18 U.S.C. §§ 922(g)(1), 924(a)(2); 26 U.S.C. §§ 5841, 5845(a), 5845(d), 5861(d), 5871. Now the case is before us and Mr. Truby's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising us that he discerns no colorable basis for an appeal and seeking leave to withdraw.

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Anders* authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after a conscientious examination," the lawyer finds the appeal "wholly frivolous." *Id.* at 744. Invoking *Anders* requires counsel to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). The client may then submit his own arguments for the court's consideration. *Id.* After all that, we must "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *Id.* If they are, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

Mr. Truby's counsel identifies two potential points of appeal: one concerns his client's speedy trial rights and the other deals with the sufficiency of evidence presented at trial. Both points, counsel argues, would be without merit. For his part, despite being afforded opportunity to do so, Mr. Truby has not submitted any materials disputing this analysis or identifying any other arguments he would like to pursue. Similarly, the government has indicated its intent not to respond to the *Anders* brief. After our own independent review, we agree with Mr. Truby's counsel that any appeal in this case would be fruitless.

First, the *Anders* brief notes Mr. Truby might claim the 103-day delay between his arrest and trial violated the Speedy Trial Act, which requires a criminal trial to commence within 70 days of (the later of) indictment or

appearance in the court where the charge is pending. 18 U.S.C. § 3161(c)(1).

The trouble with this argument is the speedy trial clock didn't start ticking until

Mr. Truby's arraignment in Wyoming, which took place two months after his

arrest in Nevada and just one month before his trial. So there's no violation

under the Act. Neither do we see ground for a Sixth Amendment challenge. The

nine-month gap between Mr. Truby's indictment and trial isn't long enough to

prompt a closer look into the reasons for delay. *See Barker v. Wingo*, 407 U.S.

514, 530 (1972) (holding that a constitutional speedy trial claim can succeed only

where "there is some delay which is presumptively prejudicial"); *United States v.*

*Abdush-Shakur*, 465 F.3d 458, 465 (10th Cir. 2006) (stating than an eleven-month

delay wouldn't qualify as presumptively prejudicial).

Second, counsel suggests Mr. Truby might challenge the sufficiency of the

evidence by arguing the government failed to show he knowingly possessed the

firearm, much less that he also knew its barrel was less than 18 inches —

requirements under 18 U.S.C. § 922(g)(1) and 26 U.S.C. § 5845(a), respectively.

*See United States v. Colonna*, 360 F.3d 1169, 1178 (10th Cir. 2004); *United*

*States v. Michel*, 446 F.3d 1122, 1129 (10th Cir. 2006). But the shotgun, found

by police in the trunk of a car driven by Mr. Truby, was wrapped in plastic and

bound with duct tape bearing his fingerprints. Given this evidence that Mr. Truby

handled the shotgun, a reasonable jury could find beyond a reasonable doubt that

he (1) knowingly possessed it and (2) knew its obviously short barrel (clocking in at 12.75 inches) was sawed off.

Counsel's motion to withdraw is granted and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge