**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4587**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

FREDDIE JACKSON,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:13-cr-01015-RBH-1)

Submitted:  December 22, 2014      Decided:  December 30, 2014

Before WYNN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Freddie Jackson appeals his conviction and the sixty-month sentence imposed following his guilty plea to possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). On appeal, Jackson's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court fully complied with Federal Rule of Criminal Procedure 11 in accepting Jackson's guilty plea. Counsel also questions whether Jackson's sentence is reasonable; however, he concedes that we do not have jurisdiction to consider that issue. Jackson was advised of his right to file a pro se supplemental brief but did not file one. Finding no meritorious grounds for appeal, we affirm Jackson's conviction. To the extent that Jackson seeks to appeal his sentence, we dismiss that portion of the appeal for lack of jurisdiction.

Jackson first questions whether the district court erred in accepting his guilty plea. Our review of the plea hearing reveals that the district court substantially complied with Federal Rule of Criminal Procedure 11 in conducting the plea colloquy and committed no error warranting correction on

plain error review.[*] See United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002). Thus, the court did not err in accepting Jackson's knowing and voluntary guilty plea.

Turning to the appeal of Jackson's sentence, counsel correctly observes in the Anders brief that we lack jurisdiction to consider such an appeal because Jackson entered a guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The federal statute governing appellate review of a sentence limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that the district court imposed the sentence "in violation of law . . . [or] as a result of an incorrect application of the sentencing Guidelines." 18 U.S.C. § 3742(a)(1)-(2), (c) (2012); see United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). Here, Jackson's sentence was less than the applicable statutory maximum, see 21 U.S.C. § 841(b)(1)(C), was not based upon the Sentencing Guidelines, and was the sentence for which he bargained. Thus, review of his sentence is precluded by § 3742(c).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for

_____

[*] We decline to sua sponte enforce Jackson's waiver of appellate rights in the plea agreement. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

appeal.  We therefore affirm Jackson's conviction and dismiss the appeal to the extent that he seeks review of his sentence. This court requires that counsel inform Jackson, in writing, of his right to petition the Supreme Court of the United States for further review.  If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jackson.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>