**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4085**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ERIC MARSHALL,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:15-cr-00010-IMK-JSK-1)

_____

Submitted: August 20, 2015       Decided: August 24, 2015

_____

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

Charles T. Berry, Fairmont, West Virginia, for Appellant. Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Eric Marshall pled guilty to possession of a prohibited object-heroin, in violation of 18 U.S.C. § 1791(a)(2), (b)(1) (2012). The parties stipulated in the plea agreement to a 24-month sentence. See Fed. R. Crim. P. 11(c)(1)(C). The district court accepted Marshall's guilty plea pursuant to the agreement and sentenced him to the stipulated sentence. Marshall appealed.

Marshall's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but advancing claims of ineffective assistance of trial counsel and prosecutorial misconduct.

> It is well established that a defendant may raise [a] claim of ineffective assistance of counsel in the first instance on direct appeal if and only if it conclusively appears from the record that . . . counsel did not provide effective assistance. Otherwise, [he] must raise [his] claim in the district court by a collateral challenge pursuant to 28 U.S.C. § 2255 [(2012)].

United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014) (citation and internal quotation marks omitted). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that Marshall should raise these claims, if at all, in a § 2255 motion.

2

Regarding his claims of prosecutorial misconduct, Marshall argues that the Government should have weighed and laboratory-tested the heroin. The heroin was field-tested and confirmed to be heroin, Marshall admitted under oath that it was heroin, and he was charged, convicted, and sentenced without regard to drug weight. We find no support in the record for his claims of prosecutorial misconduct.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Marshall's conviction. Because Marshall's agreed-upon sentence was imposed pursuant to Rule 11(c)(1)(C), it is not reviewable. See 18 U.S.C. § 3742(a) (2012); United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). Thus, we dismiss the appeal as to the sentence and we affirm the judgment in all other respects.

This court requires that counsel inform Marshall, in writing, of the right to petition the Supreme Court of the United States for further review. If Marshall requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Marshall. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART