**UNITED STATES COURT OF APPEALS**

**June 30, 2016**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JADOR QUINZON JOHNSON,

    Defendant - Appellant.

No. 15-7070
(D.C. No. 6:02-CR-00074-JHP-2)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

After he was accused of violating the terms of his supervised release, Jador

Johnson waived his right to a preliminary hearing and stipulated to the violations.

The district court sentenced him to 36 months in prison, a sentence Mr. Johnson

now seeks to appeal. Mr. Johnson's attorney, though, has filed a brief pursuant to

*Anders v. California*, 386 U.S. 738 (1967).

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Under *Anders*, a defendant's lawyer may seek permission to withdraw from an appeal if, "after a conscientious examination" of the record, he finds the appeal "wholly frivolous." *Id.* at 744. The attorney must, however, "submit a brief to the client and the appellate court indicating any potential appealable issues." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). The client may in turn submit his own arguments for the court's consideration. *Id.* After that, the court must "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *Id.* If they are, the court may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

All these conditions are satisfied here. In his *Anders* brief, Mr. Johnson's attorney explains that, after a careful examination of the record, he can discern no potential points of appeal. In response, Mr. Johnson submitted his own filing, alleging that his sentence was based on an improper grade of violation and that the district court failed to adequately explain its decision to depart upwards from his advisory guidelines range. For its part, the government filed a response agreeing with defense counsel's analysis.

Having conducted our own independent review of the record, we agree with defense counsel and the government that any appeal in this case would be fruitless. Before accepting Mr. Johnson's stipulation to the violations of his supervised release, the district court fully informed Mr. Johnson of his rights, including his right to a hearing; the consequences that could result from

stipulation to the violations and waiver of a hearing; and the potential punishment he might receive.  At sentencing and as a matter of procedure, the district court correctly calculated the advisory guidelines range, considered the sentencing factors set out in 18 U.S.C. § 3553(a), and explained its judgment that Mr. Johnson's sentence was based both on the nature and circumstances of the supervised release violations as well as his history and characteristics.  As a matter of substance, the sentence the court issued was significant but within its statutory authority under 18 U.S.C. § 3583(e)(3) and expressly designed to reflect Mr. Johnson's repeated failures to comply with the terms of his supervised release.  We cannot say the court abused its discretion in any way.

Defense counsel's motion to withdraw is granted, Mr. Johnson's motion to release present representation is denied, and this appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge