**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

GARY RAYMOND AHIDLEY, JR.,

     Defendant - Appellant.

No. 16-2150
(D.C. No. 2:12-CR-02657-RB-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.[**]

Defendant-Appellant Gary Ahidley, Jr. appeals from his 11-month sentence imposed by the district court upon revocation of supervised release. His counsel filed a brief and motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we dismiss the appeal and grant counsel's motion.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

In April 2013, Mr. Ahidley was convicted of being a felon in possession of a firearm. He was sentenced to 37 months' imprisonment, followed by two years of supervised release. He was released from prison in March 2015. Later that November, the probation office petitioned to revoke his supervised release because he had missed several scheduled substance abuse and mental health counseling appointments. A federal warrant was issued for Mr. Ahidley's arrest shortly thereafter. Mr. Ahidley was arrested and charged with battery in tribal court that December. He pled guilty, and finished his tribal court sentence in April 2016. However, he was not released because of a federal detainer based on his outstanding federal arrest warrant.

The district court held a supervised release revocation hearing on June 7. Mr. Ahidley admitted he violated the terms of his supervised release, after which the court heard argument regarding the appropriate sentence. The court found that his guideline range was five to 11 months' imprisonment. Mr. Ahidley asked the court to run his sentence concurrently with his tribal sentence, which would make him eligible for a time-served sentence. The court sentenced Mr. Ahidley to 11 months' imprisonment after noting that "[e]very time [he] drink[s], someone gets hurt. And . . . it's been that way for a long time. . . . [O]bviously, supervision doesn't work." 3 R. 14. After providing Mr. Ahidley with an opportunity to allocute, the court remarked that Mr. Ahidley failed to appreciate the prior opportunities he had been given to avoid prison and reminded him that

the court could statutorily impose a two-year sentence.  See id. at 16.  Mr.

Ahidley then sought to appeal.

Mr. Ahidley's counsel filed an Anders brief and an errata sheet indicating

that Mr. Ahidley was served with the brief.  He was given the requisite notice by

this court, pursuant to 10th Cir. R. 46.4(B)(2).  Neither Mr. Ahidley nor the

government has filed a response.  Under Anders, "if counsel finds his case to be

wholly frivolous, after a conscientious examination of it, he should so advise the

court and request permission to withdraw."  386 U.S. at 744.  If we agree with

counsel after examining the record, we may grant the motion to withdraw and

dismiss the appeal.  United States v. Calderon, 428 F.3d 928, 930 (10th Cir.

2005).

After reviewing the record, we find no error.  Mr. Ahidley argues that the

district court judge was biased and was required to disqualify himself pursuant to

28 U.S.C. § 455(b)(1).  We disagree.  While a judge's bias could arise from

personal or extrajudicial sources, the tenor of the judge's comments do not

suggest a wrongful or inappropriate position that might indicate bias.  See Liteky

v. United States, 510 U.S. 540, 550 (1994).  In light of the Sentencing Guidelines

and Mr. Ahidley's conduct, imposing an 11-month sentence was an entirely

permissible exercise of discretion.

Accordingly, we DISMISS the appeal and GRANT counsel's motion to withdraw.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge