FILED
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERICK GACHUHI WANJIKU,

    Defendant - Appellant.

No. 24-6010
(D.C. No. 5:23-CR-00227-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Defendant Erick Wanjiku was convicted of two counts of assaulting a federal

officer and sentenced to thirty-six months' imprisonment. He filed a timely notice of

appeal. His counsel submitted an *Anders* brief stating the appeal presents no

non-frivolous grounds for reversal. After careful review of the record, we agree.

Therefore, exercising jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion

to withdraw and dismiss the appeal.

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

In August 2019, Mr. Wanjiku, who was then a lawful permanent resident of the United States, pled guilty in Oklahoma state court to domestic assault and battery by strangulation. He was sentenced to a three-year term of imprisonment.

On May 8, 2023, Mr. Wanjiku was released from the custody of the Oklahoma Department of Corrections to the custody of Immigration and Customs Enforcement (ICE). He was taken by ICE officers to the Removal Operations Office in Oklahoma City, Oklahoma, for processing. There, ICE officers removed him from a holding cell in order to take fingerprints and to complete paperwork. Mr. Wanjiku was noncompliant. An ICE officer placed handcuffs on Mr. Wanjiku. Shortly after he was handcuffed, Mr. Wanjiku kicked the officer's left kneecap. Mr. Wanjiku then lunged towards a second ICE officer and bit that officer in the chest area. The ICE officers were ultimately able to restrain Mr. Wanjiku and place him back into a cell.

Emergency medical personnel initially treated the ICE officer who was bitten and observed a bite mark, blood, and missing tissue from the site of the injury. The officer subsequently transported himself to the hospital, where he was given a tetanus shot and prescribed antibiotics.

II

The day after the incident, a criminal complaint was filed against Mr. Wanjiku charging him with one count of assaulting a federal officer, in violation of 18 U.S.C. § 111(a)(1). The magistrate judge conducted a preliminary hearing and found probable cause that Mr. Wanjiku committed the offense charged in the complaint.

On June 6, 2023, a federal grand jury indicted Mr. Wanjiku on two counts of assaulting a federal officer, in violation of 18 U.S.C. §§ 111(a)(1) and (b). The first count pertained to Mr. Wanjiku biting the ICE officer, and the second count pertained to Mr. Wanjiku kicking the other ICE officer.

The case proceeded to trial on August 15, 2023. The government presented testimony from the two ICE officers who were attacked by Mr. Wanjiku. The government also presented a video of the attack. Mr. Wanjiku testified in his own defense and asserted that he was acting in self-defense when he kicked and bit the officers. At Mr. Wanjiku's request, the district court instructed the jury on Mr. Wanjiku's theory of self-defense. The jury found Mr. Wanjiku guilty of both charges in the indictment.

Mr. Wanjiku filed a host of pro se posttrial motions, including a motion for a new trial. The district court denied all of those motions.

The district court sentenced Mr. Wanjiku to a term of imprisonment of thirty-six months, to be followed by an equivalent term of supervised release.

Mr. Wanjiku filed a notice of appeal. His counsel has since filed an *Anders* brief on his behalf and has also filed a motion to withdraw. Mr. Wanjiku has filed a pro se brief on his own behalf.

III

Under *Anders v. California*, 386 U.S. 738 (1967), counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*,

428 F.3d 928, 930 (10th Cir. 2005).  We "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *Id.* (citing *Anders*, 386 U.S. at 744).  If there are no non-frivolous issues, we may grant counsel's motion to withdraw and dismiss the appeal.

The *Anders* brief filed by Mr. Wanjiku's counsel addresses, and ultimately concludes there are no non-frivolous arguments to challenge, the following aspects of Mr. Wanjiku's trial proceedings: (a) the magistrate judge's handling of the preliminary hearing and its probable cause findings; (b) the district court's denial of Mr. Wanjiku's pretrial motions in limine; (c) the district court's rulings at trial regarding the admission of evidence concerning Mr. Wanjiku's immigration status, history, and deportation consequences; (d) the district court's denial of Mr. Wanjiku's Rule 29 motions; and (e) the sentence imposed by the district court.

After conducting our own review of the record in this case, we agree with Mr. Wanjiku's counsel.  To begin with, we find no error on the part of the magistrate judge in conducting the preliminary hearing and, in any event, the intervening indictment effectively rendered moot the magistrate judge's probable cause finding. As for the district court's rulings on Mr. Wanjiku's motions in limine, those are moot because the evidence that Mr. Wanjiku sought to exclude in his motions was never admitted by the district court at trial.  As for the district court's handling of Mr. Wanjiku's immigration status at trial, there was no error because the district court instructed the jury it was not permitted to consider Mr. Wanjiku's immigration status in determining his guilt of the two charges.  The district court also did not err in

4

denying Mr. Wanjiku's pro se post-trial motions because those were frivolous. Lastly, as Mr. Wanjiku's counsel concedes, the district court correctly calculated Mr. Wanjiku's total offense level and criminal history category, and in turn imposed a sentence near the top of the advisory guidelines sentencing range due to Mr. Wanjiku's "history of violence," his "lack of acceptance of responsibility in this case," and to protect society.  R. vol 3 at 279.

Aside from these aspects of the district court proceedings, we have not detected any other viable issues for appeal.  Although Mr. Wanjiku has filed a pro se brief asserting that the government and the district court violated his due process rights, we find those arguments to be frivolous and summarily reject them.

IV

Counsel's motion to withdraw is granted, Mr. Wanjiku's pro se motion for transcripts is denied, and the appeal is dismissed.

Entered for the Court


Mary Beck Briscoe
Circuit Judge