**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 29, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

EMILY STRUNK,

     Defendant - Appellant.

No. 25-1141
(D.C. No. 1:16-CR-00124-WJM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.[**]
_____

In February 2017, Defendant Emily Strunk pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, one count of mail fraud in violation of 18 U.S.C. § 1957, and one count of theft or embezzlement of an employee benefit plan in violation of 18 U.S.C. § 664. The district court sentenced Defendant to 78-months' imprisonment to be followed by 3 years of supervised release. The court also ordered Defendant to pay restitution in excess of $2.5 million. In December 2024, the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Government filed a petition seeking to revoke Defendant's supervised release. The petition alleged (1) submitting false/incorrect bank account records, (2) misreporting monthly income, (3) failure to pay restitution, and (4) obtaining credit without authorization. Defendant admitted her violations and this time the district court sentenced her to 5-months' incarceration to be followed by 31 months of supervised release. Defendant timely appealed, challenging her sentence on revocation. Our jurisdiction arises under 18 U.S.C. §3742(a). Presently before the Court is defense counsel's *Anders* brief and his motion to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). The Clerk of Court has notified Defendant and told her that she could timely file a pro se brief in objection to her counsel's *Anders* brief. Defendant has not done so. After plenary review, defense counsel's brief and motion are well taken. Accordingly, we grant counsel's motion to withdraw and dismiss Defendant's appeal.

In *Anders*, the Supreme Court held that if appointed counsel "finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* at 744. Counsel must submit to the court a brief "referring to anything in the record that might arguably support an appeal." *Id.* When counsel submits an *Anders* brief accompanied by a motion to withdraw, we "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). If we agree with counsel's evaluation of the case, we grant the request to withdraw and dismiss the appeal. *Anders*, 386 U.S. at 744.

2

In his *Anders* brief, defense counsel identifies two issues for our consideration: (1) Whether the district court exhibited judicial bias when it pronounced Defendant's sentence following her revocation hearing, and (2) whether that sentence was substantively unreasonable. Our careful review of the record reveals counsel has properly evaluated Defendant's appeal. Neither the issues identified by counsel nor any other issue Defendant might raise even arguably has merit. Given Defendant's failure to respond to her counsel's *Anders* brief, we need not opine further. We commend defense counsel for his forthrightness.

Defendant counsel's motion to withdraw is GRANTED and Defendant's appeal is DISMISSED.

Entered for the Court

Bobby R. Baldock
Circuit Judge